HUDSON COUNTY NATIONAL BANK, A NATIONAL BANK-
ING ASSOCIATION, PLAINTIFF-APPELLANT, v. THE
PROVIDENT INSTITUTION FOR SAVINGS IN JERSEY
CITY, A NEW JERSEY SAVINGS BANK, THE HOWARD
SAVINGS INSTITUTION AND PLAINFIELD SAVINGS
BANK, DEFENDANTS AND DEFENDANTS-INTERVEN-
ORS-RESPONDENTS.

Argued February 15, 1965—Decided March 22, 1965.

*Mr. John Milton, Jr.*, argued the cause for appellant (*Mr.
Theodore Lappas, Jr.*, on the brief; *Messrs. Milton, Keane
& DeBona*, attorneys).

*Mr. Frederic K. Becker* argued the cause for respondent
The Provident Institution for Savings in Jersey City (*Messrs.
Wilentz, Goldman & Spitzer*, attorneys).

*Mr. William H. Osborne, Jr.* argued the cause for respondents The Howard Savings Institution and Plainfield Savings Bank (*Messrs. Pitney, Hardin & Kipp,* attorneys).

*Mr. Robert F. Darby* argued the cause for Savings Banks' Association of New Jersey, *amicus curiae* (*Messrs. Darby & McDonough, attorneys*).

*Mr. Israel Spicer* filed a brief on behalf of New Jersey Bankers Association, *amicus curiae* (*Messrs. Lowenstein & Spicer,* attorneys).

*Mr. Avrom J. Gold,* Deputy Attorney General, argued the cause for the Commissioner of Banking and Insurance (*Mr. Alan B. Handler,* First Assistant Attorney General, attorney).

The opinion of the court was delivered

PER CURIAM. This case involves the question whether savings banks may accept deposits which are subject to withdrawal by check. The trial court held they could. *Hudson County National Bank v. Provident Institution for Savings in Jersey City,* 80 *N. J. Super.* 339 (*Ch. Div.* 1963). We certified the appeal before argument in the Appellate Division.

We affirm the judgment for substantially the reasons given by the trial court, but add a word about the provision of the Banking Act of 1948 (*N. J. S. A.* 17:9A–26(1)) which reads in part:

"In addition to the powers specified in section 24, every savings bank shall, subject to the provisions of this act, have the following powers, whether or not such powers are specifically set forth in its certificate of incorporation:

(1) to receive money on deposit, to be repaid, upon such terms, not inconsistent with this act, as may be agreed upon between the depositor and the savings bank, *according to the usual custom of savings banks.*" (Emphasis added)

When this provision was enacted a number of the savings banks had checking accounts and the banking interests con-

cerned as well as the Commissioner of Banking and Insurance knew of this practice. It seems fair to say that the subject was a matter of some controversy within banking circles. We are told the Legislature resolved the dispute by the expression "the usual custom of savings banks."

Three views of "the usual custom of savings banks" are advanced. Plaintiff, a commercial bank, contends that since numerically a majority of savings banks did not accept checking accounts in 1948, it was not a "usual custom" to do so, and hence the 1948 act should be read to prohibit such accounts notwithstanding the existing practice. Defendants and the Savings Banks' Association insist the quoted language was intended to recognize the validity of the practice. The New Jersey Bankers Association offers a middle ground, *i. e.*, that although savings banks may receive such deposits, they may do so, in the words of its brief, only "upon the same conditions, limitations and reservations as were applicable in 1948 to four out of the five savings banks then maintaining checking accounts."

These several views emphasize the indecisiveness of the words "the usual custom of savings banks." A purpose to ban checking accounts or to confine them in the manner suggested by the New Jersey Bankers Association could easily have been stated in unmistakable terms so as to leave no doubt of the legislative will. The matter is wholly one for statutory regulation. The question whether commercial banks alone should offer checking services obviously does not turn upon any principle of common law. The opportunity remains with the Legislature to amend the banking laws if it disagrees with the Commissioner's view that the statutes authorize savings banks to offer checking account services.

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.