Pennsylvania Bankers Association, Allegheny Valley Bank of Pittsburgh, Bucks County Bank and Trust Company, Century National Bank and Trust Company and The Dale National Bank, Petitioners *v.* Commonwealth of Pennsylvania, Secretary of Banking, Respondent; Philadelphia Saving Fund Society (PSFS), Party Respondent.

Argued October 4, 1977, before President Judge BOWMAN and Judges WILKINSON, JR., ROGERS and BLATT. Judge CRUMLISH, JR. did not participate.

*John J. Brennan,* with him *Gordon W. Gerber,* and *Dechert, Price & Rhoads,* for petitioners.

*Jeffrey G. Cokin,* Deputy Attorney General, with him *Vincent X. Yakowicz,* Solicitor General, and *Robert P. Kane,* Attorney General, for respondents.

*Robert S. Ryan,* with him *Edward M. Posner,* and *Drinker, Biddle & Reath,* for intervenor.

Opinion by Judge Wilkinson, Jr., November 18, 1977:

We have before us cross-motions for summary judgment. The issue before us is as pure a question of law as one could postulate. However, its resolution is not without difficulty. Indeed, on substantially the same question, admittedly under somewhat different statutes, the courts of New York,[1] New Jersey[2] and Maine[3] have ruled in favor of Petitioners' motion, whereas the courts of Massachusetts,[4] Iowa[5] and Wisconsin[6] have ruled in favor of Respondents' cross-motion.

We agree with the Statement of the Question Involved as contained in Petitioners' brief, with one major exception which may be controlling:

> Did the Department of Banking exceed the limits of its rule-making power under the Banking Code by its regulation permitting mutual savings banks, for the first time, to have accounts which can be used just like checking accounts as distinguished from savings deposits which are within the defined statutory powers of savings banks?

As will appear in the brief recitation of the facts, the bank accounts in question cannot "be used just like checking accounts."

---

[1] *New York State Bankers Ass'n v. Albright*, 38 N.Y. 2d 430, 381 N.Y.S. 2d 17, 343 N.E. 2d 735 (1975).

[2] *Hudson County Nat'l Bank v. Provident Inst. for Saving*, 44 N.J. 282, 208 A.2d 409 (1965).

[3] *Androscoggin County Sav. Bank v. Campbell*, 282 A.2d 858 (Me. 1971).

[4] *Consumers Sav. Bank v. Commissioner of Banks*, 361 Mass. 717, 282 N.E. 2d 416 (1972).

[5] *Iowa Credit Union League v. Iowa Dep't of Banking*, No. CE6-3152 (Polk Co. Iowa 1977).

[6] *Wisconsin Bankers Ass'n v. Mutual Sav. and Loan Ass'n*, No. 442-840 (Milwaukee Co. Wisconsin 1976).

442

On December 27, 1976, the Attorney General of Pennsylvania responded to a request for advice from the Secretary of the Department of Banking (Secretary) on the question of whether savings banks operating under the Banking Code of 1965, Act of November 30, 1965, P.L. 847, *as amended*, 7 P.S. §101 et seq. (Code), may offer depositors a non-interest bearing account from which money may be withdrawn by means of a negotiable order of withdrawal (NOW) payable to a named third party. The negotiable order is "payable through" a commercial bank. The Attorney General's response was that there was nothing in the Code which prohibits NOW accounts and that the regulatory authority of the Secretary permitted that office to promulgate regulations detailing the methods of operations of NOW accounts, *provided*, each NOW account draft contains language which indicates that the bank may require 14 days' notice before making payment.[7] It is this provision, required by Section 503(a) of the Code, 7 P.S. §503(a), which distinguishes the NOW draft from the traditional check.

Since the Attorney General's opinion is published,[8] no good purpose would be served by setting forth at length, as it does, the relevant sections of the Code which deal or could be argued deal with the matter. We agree that no section prohibits NOW accounts. Further, we agree that it is appropriate that the regulations require the notation that the bank may exercise its statutory authority to require 14 days' notice before paying the draft.

---

[7] A saving bank may receive money for deposit and: (a) Provisions for withdrawal—may provide by its articles or by-laws for the terms of withdrawal thereof except that deposits may not be accepted which are legally subject to withdrawal within a period of less than 14 days. Section 503(a) of the Code, 7 P.S. §503(a).

[8] 76 Op. Atty Gen. 33, 1 D. & C. 3d 123 (1976).

The most persuasive argument of Petitioners, and the one that has prevailed in New York, New Jersey and Maine, is that while the banking law does not specifically prohibit NOW accounts, neither does it specifically permit them and since it is a "break with tradition" it is beyond the authority of the Secretary to issue regulations thereon. More specifically, since the Code only authorizes savings accounts for mutual savings banks, the regulations may not permit the savings accounts to be "converted" into checking accounts. The complete answer to this position is that the Code does not provide for any method of withdrawal from a savings account, other than the 14 day notice provision. That being the case, it is entirely proper that the Secretary make appropriate use of the power granted to him by Section 103(a)(viii), 7 P.S. §103(a)(viii).

> (viii) A delegation to the department of adequate rule-making power and administrative discretion, subject to the provisions of this act and to the purposes stated in this subsection (a), in order that the supervision and regulation of institutions subject to this act may be flexible and readily responsive to changes in economic conditions and to changes in banking and fiduciary practices, and. . . .

Great concern has been expressed by Petitioners, and appropriately so, that this Court not sanction what they characterize as a use of regulations to alter basic premises of the Code. The fact that this is a close question of Administrative Law is evident from the division of authority in our sister states. Our Supreme Court in *Uniontown Area School District v. Pennsylvania Human Relations Commission*, 455 Pa. 52, 77, 313 A.2d 156, 169 (1973), with an able opinion for the Court by Justice POMEROY, joined by 3 justices, and an able concurring opinion by Justice ROBERTS,

joined by 2 justices, sets forth the line between appropriate rule-making authority and inappropriate abuse of that authority, in both the legislative rule-making power and the interpretative rule-making power. Both opinions, as we view them, and certainly the holding of that case, dictate that the Secretary has not abused his rule-making power. Both opinions quote Justice CARDOZO in *American Telephone & Telegraph Co. v. United States*, 299 U.S. 232, 236-37 (1936):

> A court, in reviewing such a regulation, 'is not at liberty to substitute its own discretion for that of administrative officers who have kept within the bounds of their administrative powers. To show that these have been exceeded in the field of action . . . involved, it is not enough that the prescribed system of accounts shall appear to be unwise or burdensome or inferior to another. Error or unwisdom is not equivalent to abuse. What has been ordered must appear to be "so entirely at odds with fundamental principles . . . as to be the expression of a whim rather than an exercise of judgment." '

Petitioners filed a Petition for Review in this Court on March 14, 1977, challenging the validity of the regulations[9] issued by the Secretary relating to NOW ac-

---

[9] TITLE 10. BANKS AND BANKING.

PART II. BUREAU OF BANKS.

CHAPTER 30. NEGOTIABLE ORDER OF WITHDRAWAL ACCOUNTS.

§30.1. Definitions.

. . . .

§30.2. Rules Governing NOW Accounts.

A savings bank may permit the withdrawal of deposits by means of a NOW, subject to the following terms and conditions:

(1) The NOW bears on its face the legend, in a boldfaced simple open typeface at least eight points in size, that the savings bank reserves the right to require not less than 14 days' prior withdrawal notice before paying such instrument.

counts. An application for a stay of the effective date of the regulations was denied, after hearing. Philadelphia Saving Fund Society (PSFS), a mutual savings bank which had begun offering NOW accounts, secured court approval to intervene. As indicated above, cross-motions for summary judgment have been filed.

We cannot characterize the issuance of the NOW regulations by the Secretary to be an expression of a whim rather than an exercise of judgment authorized by the Code.

Accordingly, we will enter the following

ORDER

Now, November 18, 1977, the motion for summary judgment by the Petitioners is denied, the motions for summary judgment by Respondent and Intervening-Respondent are granted, and the Petition for Review is dismissed.

---

(2) The NOW bears on its face the legend that is "payable through" a named commercial bank.

(3) Savings banks may pay interest on accounts which are subject to withdrawal of funds by means of a NOW only as provided by Federal statute or regulation.

(4) Savings banks shall issue monthly statements to depositors who have a NOW account for any month in which there has been any activity on such account.